UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20452-BLOOM/Louis

HART DAIRY CREAMERY
CORPORATION and TIMOTHY
CONNELL,

    Plaintiffs,

v.

KEA INVESTMENTS LIMITED,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs Hart Dairy Creamery Corporation and Timothy Connell's (collectively, "Plaintiffs") Motion for Entry of Final Default Judgment Against Defendant Kea Investments Limited, ECF No. [22] ("Motion"), and the corresponding Memorandum of Law in Support. ECF No. [23]. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied without prejudice.

On January 31, 2020, Plaintiffs initiated the instant action against Defendant Kea Investments Limited ("Defendant"), a foreign company, seeking declaratory judgment and a permanent injunction, ECF No. [1] ("Complaint"). Defendant has failed to answer or otherwise appear in this case. As a result, the Clerk of Court entered a default on April 24, 2020. ECF No. [20]. Plaintiffs subsequently filed the instant Motion seeking declaratory relief and a permanent anti-suit injunction. ECF No. [22].

Upon review of the Motion, however, the Court finds that Plaintiffs have failed to

sufficiently set forth a basis for personal jurisdiction over Defendant. Plaintiffs' Complaint notes that Defendant is a foreign company limited by shares, but it fails to set forth any allegations regarding the legal basis for personal jurisdiction. Instead, Plaintiffs vaguely allege that,

> over the course of the past year Kea has taken putative enforcement actions directed against Plaintiffs and their assets in this District, and Kea's principal and ultimate beneficial owner – and potential *alter ego* – Owen Glenn has litigated in the United States (among several other jurisdictions) a portion of the underlying dispute that gave rise to the U.K. judgment upon which Kea now purports to act. Accordingly, Kea may reasonably expect – and visibly has in fact expected and intended – to proceed court in the United States in the matter at bar.

ECF No. [1] ¶ 11. Moreover, the Motion itself recites the same allegations from the Complaint, without any reference to the proper standard for determining personal jurisdiction, and without any argument or citation to supporting law. *See, e.g.*, ECF No. [23] ¶ 11.

Personal jurisdiction "goes to the court's power to exercise control over the parties." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). "It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (quoting *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1992)), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011). "Without it, a judgment is void." *Kasparov v. Schnorenberg*, No. 3:15-cv-1093-J-32PDB, 2016 WL 8846261, at *4 (M.D. Fla. Aug. 16, 2016) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)), *report and recommendation adopted*, No. 3:15-cv-1093-J-32PDB, 2016 WL 9049968 (M.D. Fla. Sept. 6, 2016); *Zamora Radio, LLC v. Last.FM*, No. 09-20940-CIV, 2010 WL 3893985, at *3 (S.D. Fla. Sept. 30, 2010) ("An *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant." (citing *Oldfield v. Pueblo de Bahia Lora*, 558 F.3d 1210 (11th Cir. 2009)). "It should therefore be apparent that a district court has the duty to assure that it has the power to enter a valid default judgment." *System

*Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). "When deciding a motion for default judgment, a court accordingly has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant." *Kasparov*, 2016 WL 8846261, at *4 (citing *System Pipe & Supply, Inc.*, 242 F.3d at 324; *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

> Courts may raise the question of personal jurisdiction *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, provided the Court grants the parties the chance to argue why personal jurisdiction exists. *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (no error by district court to raise lack of personal jurisdiction *sua sponte* upon plaintiff's motion for default judgment); *Smarter Every Day, LLC v. Nunez*, No. 2:15-cv-01358-RDP, 2017 WL 1247500, at *2 (N.D. Ala. Apr. 5, 2017) (raising lack of personal jurisdiction *sua sponte* upon plaintiff's motion for default judgement); *Turi v. Stacey*, No. 5:13-cv-248-OC-22PRL, 2015 WL 403228, at *3 (M.D. Fla. Jan. 28, 2015), *aff'd*, 627 F. App'x 904 (11th Cir. 2015) (same). Because a "defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction," *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999), raising the issue of personal jurisdiction at the default-judgment stage ultimately conserves judicial resources.

*Hand v. Wholesale Auto Shop, LLC*, No. 7:15-cv-01838-LSC, 2018 WL 305818, at *2 (N.D. Ala. Jan. 5, 2018).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "To do so to obtain default judgment, he may 'rest [his] argument on [his] pleadings, bolstered by such affidavits and other written materials as [he] can otherwise obtain.'" *Kasparov*, 2016 WL 8846261,

at *5 (quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)).

The Plaintiffs have failed to provide evidence that personal jurisdiction exists over Defendant. In support of their motion for default final judgment, Plaintiffs must address the proper standard for determining whether personal jurisdiction exists over a foreign defendant, and how this standard applies to the facts of the instant case. Specifically, in considering whether it may exercise jurisdiction over foreign defendants, a court follows a two-part analysis: "(1) whether personal jurisdiction exists under the forum state's long-arm statute; and (2) whether exercising jurisdiction over the nonresident defendant would violate the Due Process Clause of the [Fourteenth] Amendment." *McEwen v. Strickland*, No. 2:19-cv-880-FtM-38NPM, 2020 WL 495220, at *1 (M.D. Fla. Jan. 30, 2020) (quoting *Rowe v. Gary, Williams, Parteni and Gary, P.L.L.C.*, 723 F. App'x 871, 874 (11th Cir. 2018)). In sum, Plaintiffs must affirmatively demonstrate that this Court, "sitting in diversity has personal jurisdiction over a defendant [such that] the state's long-arm statute is satisfied and the defendant has sufficient minimum contacts with the forum state to satisfy due process and comport with traditional notions of fair play and substantial justice." *Al Amjad Ltd. v. Ocean Marine Engines, LLC*, No. 3:16-cv-234-J-PDB, 2017 WL 1365580, at *3 (M.D. Fla. Apr. 14, 2017) (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214, 1220 (11th Cir. 1999)).

Likewise, Plaintiffs should more clearly explain why this Court should exert its discretionary power to issue an anti-suit injunction and why exercising this discretionary power would not improperly invade the purview of the ongoing litigation before the English High Court, which was commenced well before the issues in this litigation arose and which seeks to enforce its own judgment. In further addressing their position, Plaintiffs should also elucidate the basis for their contention that the English court would improperly exercise jurisdiction over litigants over

whom it has no personal jurisdiction. Finally, Plaintiffs should clarify how duplicative litigation would ultimately be avoided, if this Court were to grant the relief requested in the instant action, especially given Mr. Connell's consent to the English High Court's jurisdiction over certain assets within his control.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Default Judgment, **ECF No. [22],** is **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs may submit an Amended Motion for Final Default Judgment consistent with this Order **by no later than June 15, 2020.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Kea Investments Limited
Registered Agent:
Icaza, Gonzalez-Ruiz & Aleman (BVI) Trust Limited
Tortola Pier Park, Building 1, Second Floor
Wickhams Cay 1, Road Town
Tortola
VG1110
Virgin Island, British